SCPW-13-0001153

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

KAPONO KANIELA TUMALE, Petitioner,

vs.

Acting in Their Official Capacity as Agents of the
State of Hawai'i, KEITH TAGUMA, LYLE KEANINI, LAWRENCE
TILLEY, JOHN KIM, DAVID LOUIE, ADRIANNE HEELY, and Appellate
Judges FUJISE, REIFURTH, and GINOZA, Respondents.

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of petitioner Kapono Kaniela
Tumale's petition for a writ of mandamus, filed on January 3,
2013, the documents attached thereto and submitted in support
thereof, and the record, it appears that petitioner is not
entitled to mandamus relief. Petitioner does not have a clear
and indisputable right to proceed with his appeal without paying
the required filing fee. See HRAP Rule 24. Moreover, petitioner
fails to demonstrate that the ICA judges exceeded their
jurisdiction in denying his motion to proceed in forma pauperis
and dismissing his appeal for failing to pay the filing fee, that
the ICA judges committed a flagrant and manifest abuse of
discretion in doing so, or that the ICA judges have refused to

act on a subject properly before them under circumstances in which they have a legal duty to act.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act).  Therefore,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petition for a writ mandamus without payment of the filing fee.

IT IS HEREBY FURTHER ORDERED that the petition for a writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, January 29, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

